## A. J. PAXTON *v.* W. E. KENNEDY.

ATTACHMENT FOR RENT. *Statutory remedy. Demand must be for rent.*

To entitle a landlord to the statutory remedy of attachment for rent, it is essential that his demand shall be for rent. An agreement of the tenant, as part of the expressed consideration of a lease, to pay as rent a debt which is not such in fact, will not change this.

FROM the circuit court of Sunflower county.
HON. R. W. WILLIAMSON, Judge.
The opinion contains a statement of the case.

*Southworth, Paxton & Stevens,* for appellant.
No matter what the debt consisted of, if it formed a part of the consideration of the lease, then it was rent, and the

landlord had a lien for its collection. We know of no law which forbids one choosing the kind of security he may wish to give his creditor. He may give a mortgage or a bill of sale, and why not, if his situation as tenant permits it, give a rent lien to his creditor, the landlord? It was idle to include this indebtedness in the rent notes unless this agreement as to the way of securing the debt can be enforced. The whole amount is agreed upon as rent. If this way of securing the indebtedness is not to be allowed, where is the consideration for Paxton to divide the indebtedness and extend the payment for several years?

The construction given by the court below is manifestly opposed to the intention of the parties.

*J. Holmes Baker* and *C. C. Moody,* for appellee.

In no view has appellant a lien for the debt which he claimed as rent. The forbearance of the landlord to collect his debt of a previous year does not give him a lien on the agricultural products of the leased premises for the next year. A previously existing debt cannot be considered as advances or supplies in a succeeding year. Nor does the remedy by distress lie for its collection. *Lumbley* v. *Gilruth,* 65 Miss., 23.

COOPER, J., delivered the opinion of the court.

The appellee, being indebted to appellant several hundred dollars, leased from him for a term of years a tract of land; at a fixed rent of one hundred dollars per annum, and, at the same time and by the same writing, promised to pay to appellant, in five equal annual payments, the sum of his past indebtedness *as rent,* and also agreed to execute his notes for the agreed rent and for the antecedent debt, the exact amount of which was not then known, by which notes the said debt was to be stipulated to be paid *as rent.* The appellee was let into possession of the leased premises, but refused to execute the notes stipulated for in his contract. The appellant sued

out an attachment for rent, including in his demand the sum of one hundred dollars, and also one-fifth of the sum of the antecedent debt. The tenant brought replevin for the property seized, and the landlord avowed, justifying the distress. On the trial, the appellant offered to prove that at the expiration of the first year the appellee paid, under his contract and according to its terms, both the sum of one hundred dollars and one-fifth of the antecedent debt, which evidence, upon objection of the plaintiff, was excluded. Verdict was had and judgment rendered for the landlord for the fixed sum of one hundred dollars, from which he appeals and insists upon his right to recover by distress the aliquot of the antecedent debt, according to the contract of lease.

The claim of appellant cannot be maintained. The right and the remedy of the landlord are established and fixed by the law, and rest upon the existence of the relation of landlord and tenant, and it is essential that the demand of the landlord shall be for the rent of the land. The agreement of the tenant to pay an antecedent debt as rent does not and cannot change its nature or bring it within the protection of the statute. A past-due debt is not rent, and calling it such, or agreeing that it shall be so treated and considered, cannot entitle the creditor to resort to the summary remedy for its collection. The contract of the debtor is but an ordinary promise to pay, and for its breach the creditor must resort to the usual remedies.

*Judgment affirmed.*